## THE AMERICAN EXPRESS COMPANY v. HOCKETT.

COMMON CARRIERS.—*Delivery of Goods.— Termination of Liability.*—As a general rule common carriers by land are bound to deliver the goods to the consignee at his residence, or his place of business, where, from the nature of the parcels, this is the more appropriate place for their delivery; nor is it sufficient that they are left at the public office of the carrier, unless by express permission, or a usage so established and well known as to be equivalent to such permission. But if the consignee is absent, and the carrier, after diligent inquiry, cannot find him or ascertain the place of his residence or business, then the liability as a carrier is deemed at an end; but it is the

duty of the carrier to take care of the goods, by holding them himself, or depositing them with some suitable person for the consignee, and, in such case, the person holding the goods becomes the bailee of the owner or consignee, and is only bound to reasonable diligence.

SAME.—*Express Companies.*—*Negligence.*—Suit against an express company for the value of a package of money received by it to be carried and delivered to the plaintiff, which it failed to do. · Answer, that the package was duly received at the office of defendant at the town to which it was directed; that defendant upon inquiry could not find the residence of the plaintiff to be in said town or its vicinity, and, being ignorant of his real place of residence or post-office address, the defendant, on the day of the arrival of said package, wrote a notice informing the plaintiff of its arrival at said office and that it was ready for delivery, and inclosed said notice in an envelope addressed to the plaintiff at said town and duly stamped, and dropped the same into the post-office at said town, and placed said package in a safe owned by the defendant, wherein the defendant kept all money packages arriving by express for parties, and safely locked the same, the package remaining thus securely locked up for several days, and no one calling for it till it had been stolen by burglars, who in the night time violently broke into the office of defendant, where said safe was, and, without the knowledge of defendant, broke open said safe and feloniously stole, took, and carried away said package of money, without any fault or neglect of the defendant.

*Held,* that the facts alleged in the answer were not sufficient to discharge the express company from liability as a common carrier, and that if they could be so deemed, still, the answer failed to show that the defendant exercised reasonable care with the package as bailee after the termination of such liability.

APPEAL from the Madison Common Pleas.

ELLIOTT, J.—Hockett sued the American Express Company to recover the value of a package containing one hundred dollars in currency, received by the company at Chillicothe, Missouri, to be carried and delivered to Hockett at Andersontown, Indiana, which the company failed to do.

An answer was filed, to which a demurrer was sustained, and the company excepted. On a refusal of the company to answer further, judgment was rendered for Hockett. The company appeals. The ruling of the court on the demurrer to the answer presents the only question in the case.

The answer alleges "that the package of money mentioned in the complaint was duly received at the office of the defendant, in Anderson, Madison county, Indiana. The

defendant upon inquiry could not find the residence of said plaintiff to be in said town of Anderson, or in the vicinity; and, being ignorant of the real place of residence or post-office address of said plaintiff, the said defendant, on the day of the arrival of said package, wrote a notice informing the plaintiff of the arrival of said package of one hundred dollars at the said office of said defendant, and that the same was ready for delivery, and then and there inclosed the said notice in an envelop indorsed, "Jonathan Hockett, Anderson, Indiana," and then and there duly stamped the same, and, when so directed and stamped, dropped the same into the post-office at Anderson; and then and there placed said package of money in a safe owned by the defendant, wherein said defendant placed and kept all money packages arriving by express for parties, and then and there safely locked the same; said package remaining in said safe thus securely locked up for several days, no one calling for the same until after said package had been stolen by thieves and burglars, who in the night time, violently broke into the office of said defendant, where said safe was situate, and, without the knowledge of said defendant, broke open said safe and feloniously stole, took, and carried away said package of money, without any fault or neglect of the defendant, "&c.

Express companies, in this State, are declared by statute (1 G. & H. 327) to be "common carriers, and subject to all the liabilities to which common carriers are subject according to law." As a general rule common carriers by land are bound to deliver the goods to the consignee at his residence, or place of business, where, from the nature of the parcels, this is the more appropriate place for their delivery. Nor is it sufficient that they are left at the public office of the carrier, unless by express permission, or a usage so established and well known as to be equivalent to such permission. 1 Par. Con. 660 (3d ed.). Goods carried by railroad companies form such an exception. *Bansemer* v. *Toledo, &c. R. R. Co.*, 25 Ind. 434. But if the consignee is absent, and the carrier after diligent inquiry cannot find him, or ascer-

tain the place of his residence or business, then the liability as carrier is deemed at an end; but it is the duty of the carrier to take care of the goods, by holding them himself, or depositing them with some suitable person for the consignee, and in such case the person holding the goods becomes the bailee of the owner or consignee, and is only bound to reasonable diligence.

The answer in this case alleges that the defendant, "upon inquiry" could not find the residence of the consignee to be in the town of Anderson, or in the vicinity, and being ignorant of his real place of residence or post-office address, &c. The inference from the answer is, that the inquiry, whatever it was, was made of some one at defendant's office, for it seems that immediately after the arrival of the package the inquiry was made, the package deposited in the safe, and the notice prepared to be dropped in the post-office. But if not made there, where and of whom was it made? Did the agent of the company who made it content himself with asking the first person he met, whether resident or stranger, or did he make the inquiry of several, or, in other words, did he make diligent and careful inquiry to ascertain the residence of the consignee? The law required this to be done, but the answer does not aver that it was done. Again, the answer does not aver that the plaintiff, or his place of business, if any, could not easily have been found. For aught that appears in the answer, the consignee may have had an office or place of business in Anderson, where he could readily have been found.

Nor does the answer show that reasonable care was taken of the package. It alleges that it was deposited in a safe in the company's office, in which other money packages received by the company were deposited, and the safe securely locked, where it remained until the office and safe were broken open by burglars and the package stolen, without the knowledge of the company. What was the character of the office building? Was it so constructed and guarded as to make it a reasonably safe place in which to

leave money packages unguarded? The answer is silent in this respect, and we cannot infer that it was an appropriate or safe building for such a purpose. Nor does it appear that the safe in which the money was deposited was such that persons of ordinary prudence would have risked in it such deposits. It is called a safe, yet, for anything shown by the answer, it may have been an insecure wooden box. The building was unguarded, and if, as alleged in the answer, the company was accustomed to leave the money packages, received in the course of its business, deposited there, it might reasonably be expected that thieves and burglars would closely scrutinize its condition, and common prudence would require that either the building or the safe should be such as would likely resist such an attack; but there is nothing in the answer showing that such was the character of either. So that if the facts alleged in the answer could be deemed sufficient to discharge the appellant from liability as a carrier, still, it fails to show that it exercised reasonable care with the package as bailee. It follows that, in any view of the case, the answer is bad, and the demurrer to it was correctly sustained.

The judgment is affirmed, with costs.

*J. Davis*, for appellant.

*J. A. Harrison*, for appellee.